Risa S. Christensen, Esq., CA Bar No. 227799
Tristan G. Pelayes, Esq., CA Bar No. 206696
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel.: (951) 686-4800
Fax: (951) 686-4801
rsc@wagner-pelayes.com
tgp@wagner-pelayes.com

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA;
and DEPUTY CRAIG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM PIRO and SHANNON PIRO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA; DEPUTY CRAIG; CITY OF VICTORVILLE; CODE ENFORCEMENT OFFICER REYNOLDS; and DOES 1-20, Inclusive,<br><br>    Defendants. | CASE NO.:<br>5:17-cv-1607 PSG (SPx)<br><br>**ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Honorable Philip S. Gutierrez* |

COME NOW defendants, COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA; and DEPUTY CRAIG, who answer the First Amended Complaint as follows:

/ /

1

## JURISDICTION

1. In responding to the allegations set forth in Paragraphs 1-2, of the First Amended Complaint (hereinafter "FAC"), these defendants admit that Plaintiffs purport to be suing under 42 U.S.C. §1983, and the various other sections cited in these Paragraphs, and further admit that this case is properly venued before this Court. Defendants, however, deny that any wrongs were committed by them which would provide grounds for any of Plaintiff's claims, and as to any allegations contained in the balance of these Paragraphs, the same are denied.

2. In responding to the allegations set forth in Paragraph 3 of Plaintiff's FAC, Defendants lack sufficient information and belief to respond to the allegations therein and based upon such lack of information and belief, deny the same.

## PARTIES

3. In responding to the allegations set forth in Paragraphs 4 through 7, Defendants lack sufficient information and belief to respond to the allegations therein and based upon such lack of information and belief, deny same.

4. In responding to the allegations set forth in Paragraph 8, Defendant admits that the County of San Bernardino is a public entity existing within the State of California. Defendants also admit that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. As to the remainder of the Paragraph and to any residual allegations contained therein, Defendants lack sufficient information and belief to respond and based upon such lack of information and belief, deny same.

5. In responding to the allegations set forth in Paragraphs 9 and 10, Defendants admit that Deputy Craig and Deputy Acosta were employed with the County of San Bernardino Sheriff's Department during the time frame of the events alleged to have occurred in June and July of 2016, of the FAC. As to any remaining allegations contained in these Paragraphs, Defendants lack sufficient

information and belief to respond and based upon such lack of information and belief, deny same.

6. In responding to the allegations set forth in Paragraphs 11 and 12 of the FAC, Defendants lack sufficient information and belief to respond, and based upon such lack of information and belief, deny same.

## STATEMENT OF FACTS

7. In responding to the allegations set forth in Paragraphs 13 through 15 of the FAC, Defendants lack sufficient information and belief to respond and based upon such lack of sufficient information and belief, deny same.

8. In responding to the allegations set forth in Paragraph 16, these answering Defendants admit that on or about June 30, 2016, they responded to a call for service at a location on Nassau in Victorville and that the call for service may have been initiated by Defendant Reynolds. As to the remaining allegations contained in this Paragraph, Defendants deny same.

9. In responding to the allegations set forth in Paragraph 17, Defendants deny the allegations set forth in the first sentence of the Paragraph. As to the allegations contained in the second sentence of the Paragraph, Defendants deny that Sam Piro was ordered to "jump" over the fence. As to any remaining allegations contained in this Paragraph, Defendants lack sufficient information and belief to respond and based upon such lack of sufficient information and belief, must deny same.

10. In responding to the allegations set forth in Paragraph 18, Defendants deny the same.

11. In responding to the allegations set forth in Paragraph 19, Defendants lack sufficient information and belief to respond and based upon such lack of sufficient information and belief, deny same.

12. In responding to the allegations set forth in Paragraph 20, Defendants deny the same.

13. In responding to the allegations set forth in Paragraphs 21 through 26, Defendants deny same.

14. In responding to the allegations set forth in Paragraph 27, Defendants lack sufficient information and belief to respond and based upon such lack of sufficient information and belief, deny same.

15. In responding to the allegations set forth in Paragraph 28, Defendants admit that on or about July 9, 2016, Plaintiff Sam Piro was arrested. As to the allegation that Deputy Craig "retaliated" against the plaintiff, the allegation is denied. As to the remaining allegations contained in this Paragraph, as phrased, Defendants deny same.

16. In responding to the allegations set forth in Paragraphs 29 and 30, Defendants lack sufficient information and belief to respond and based upon such lack of information and belief, deny same.

17. In responding to the allegations set forth in Paragraph 31, as phrased, Defendants deny same.

18. In responding to the allegations set forth in Paragraph 32, Defendants deny same.

## FIRST CAUSE OF ACTION
### Illegal Search/trespass/Excessive Force (42 U.S.C. §1983)
### Fourth and Fourteenth Amendments
*(Alleged against Acosta and Reynolds)*

19. In responding to the allegations set forth in Paragraph 33, Defendants repeat and reallege their responses to Paragraphs 1 through 32 of the FAC, as though fully set forth herein.

20. In responding to the allegations set forth in Paragraphs 34, 35 and 36 of the FAC, Defendants deny same.

21. In responding to the allegations set forth in Paragraphs 37 through 40 Defendants deny same.

/ /

4

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION
**Municipal Liability for Alleged Unconstitutional Customs and Practices that Resulted Unconstitutional Deprivation**
*(Alleged Against Defendant City of Victorville)*

22. In responding to the allegations set forth in Paragraph 41, Defendants repeat and reallege their responses to Paragraphs 1 through 40 of the FAC, as though fully set forth herein.

23. In responding to the allegations set forth in Paragraphs 42 through 49, Defendants lack sufficient information and belief to respond and based upon such lack of sufficient information and belief, deny same, and deny that Plaintiffs were damaged in any sum or at all.

## THIRD CAUSE OF ACTION
**Violation of Civil Rights-Unlawful Seizure in Violation of 4th Amendment, 42 U.S.C. 1985**
*(By Plaintiff Sam Piro Against Deputy Acosta)*

24. In responding to the allegations set forth in Paragraph 50, Defendants repeat and reallege their responses to Paragraphs 1 through 49 of the FAC, as though fully set forth herein.

25. In responding to the allegations set forth in Paragraphs 51 through 53, Defendants deny same.

## FOURTH CAUSE OF ACTION
**Excessive Force (Tase with Handcuffed/illegal chokehold) Alleged Violations of Fourth Amendment, Due Process Rights Under the Fourteenth Amendment**
*(By Plaintiff Sam Piro Against Deputy Acosta)*

26. In responding to the allegations set forth in Paragraph 54, Defendants repeat and reallege their responses to Paragraphs 1 through 53 of the FAC, as though fully set forth herein.

//
//

5

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

27. In responding to the allegations set forth in Paragraph 55, these allegations do not appear to require an admission or denial; however, to the extent the Court or anyone else interprets the allegations contained therein to require such a response, the allegations are denied.

28. In responding to the allegations set forth in Paragraphs 56 through 60, Defendants deny same and deny that Plaintiffs were damaged in any sum or at all.

## FIFTH CAUSE OF ACTION
### Unlawful Custom and Practice Under Section 1983
*(Against Defendants County of San Bernardino individually)*

29. In responding to the allegations set forth in Paragraph 61, Defendants repeat and reallege their responses to Paragraphs 1 through 60 of the FAC, as though fully set forth herein.

30. In responding to the allegations set forth in Paragraph 62, the allegations do not appear to require or call for either an admission or denial; however, to the extent the Court or anyone else interprets the statements contained therein to require an admission or denial, the Defendants admit that the County of San Bernardino is a public entity existing within the State of California. Defendants also admit that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. As to the balance of the Paragraph and any residual allegations contained therein, Defendants lack sufficient information and belief to respond and based upon such lack of information and belief, deny same.

31. In responding to the allegations set forth in Paragraphs 63 through 79, Defendants deny same.

//
//
//

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## SIXTH CAUSE OF ACTION
### Retaliation
*(Plaintiff Sam Piro Against Deputy Craig and Does 5-10 on July 7, 2016)*

32. In responding to the allegations set forth in Paragraph 80, Defendants repeat and reallege their responses to Paragraphs 1 through 79 of the FAC as though fully set forth herein.

33. In responding to the allegations set forth in Paragraphs 81 through 83, and the allegations contained in Paragraphs 72 through 75, (as used for a second time, on Page 21, at Lines 1-23), Defendants deny same and deny that Plaintiffs were damaged in any sum or at all.[1]

## SEVENTH CAUSE OF ACTION
### Deprivation of Civil Rights Fourth Amendment Violations of Rights Against Unreasonable Search and Seizure
### (42 U.S.C. Section 1983)
*(Against Defendants Deputy Acosta and Code Enforcement Officer Reynolds)*

34. In responding to the allegations contained on Page 22 at Lines 2-5, using the Paragraph number 76 (for the second time), Defendants repeat and reallege their responses to the preceding Paragraphs of the FAC, as though fully set forth herein.[2]

35. In responding to the allegations set forth on Page 22, at Lines 6 through 22, which are repeated Paragraph Numbers 77-79, these allegations do not appear to require an admission or denial. However, to the extent the Court or anyone else interprets these statements as allegations which require an admission or denial, Defendants lack sufficient information and belief to

---

[1] Plaintiffs use Paragraph Numbers 72-75 in two separate and distinct causes of action. First in the Fifth Cause of Action, shown on Page 18, and again in the Sixth Cause of Action on Page 21.

[2] Plaintiffs use Paragraph Numbers, 76- 83, (first on Pgs. 19-20 in the Fifth and Sixth Causes of Action), for again on Pgs. 23-23, in the Seventh Cause of Action.

respond, and based upon such lack of information and belief, deny same.

36. In responding to the allegations set forth on Page 22, beginning on Line 23 to Page 23, Line 27, which are repeated Paragraph Numbers 80 through 83, Defendants deny same.

37. In responding to the allegations set forth in Paragraphs 84 through 86, Defendants deny same and deny that Plaintiffs were damaged in any sum or at all.

## STATE CLAIMS

## EIGHTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
*(Against Defendant Acosta and County of San Bernardino)*

38. In responding to the allegations set forth in Paragraph 87, Defendants repeat and reallege their responses to all prior Paragraphs of the FAC as though fully set forth herein.

39. In responding to the allegations set forth in Paragraph 88 of the FAC, this Paragraph does not appear to contain allegations which require an admission or denial. However, to the extent the Court or anyone else interprets the statements contained therein to require an admission or denial, Defendants lack sufficient information and belief to respond, and based upon such lack of information and belief, deny same.

40. In responding to the allegations set forth in Paragraphs 89 through 91, Defendants deny same and deny that Plaintiffs were damaged in any sum or at all.

/ /
/ /
/ /
/ /
/ /

8

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

# NINTH CLAIM FOR RELIEF
## Alleged Violation of Plaintiff's Right to Enjoy Civil Rights
### (Cal. Civ. Code §52.1)
*(Against all Defendants)*

41. In responding to the allegations set forth in Paragraph 92 of the FAC, Defendants repeat and reallege all of their prior responses as though fully set forth herein.

42. In responding to the allegations set forth in Paragraph 93 of the FAC, this Paragraph does not appear to contain allegations which require an admission or denial. However, to the extent the Court or anyone else interprets the statements contained therein to require an admission or denial, Defendants lack sufficient information and belief to respond, and based upon such lack of information and belief, deny same.

43. In responding to the allegations set forth in Paragraphs 94 through 99, Defendants deny same.

44. In responding to the allegations set forth in Paragraph 100, Defendants lack sufficient information and belief to respond, and based upon such lack of information and belief, deny same.

45. In responding to the allegations set forth in Paragraph 101, Defendants deny same and deny that Plaintiffs were damaged in any sum or at all.

# TENTH CAUSE OF ACTION
## Alleging Loss of Consortium
*(Plaintiff Shannon Piro Against all Defendants)*

46. In responding to the allegations contained in Paragraph 102, Defendants repeat and reallege all of their prior responses as though fully set forth herein.

/ /

/ /

9

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

47. In responding to the allegations contained in Paragraphs 103 through 105, Defendants deny the allegations and deny that Plaintiffs were damaged in any sum or at all.

## PLAINTIFFS' PRAYER

48. In responding to the allegations set forth beginning on Page 28, at Line 13 and continuing to Page 29, at Line 3, of Plaintiffs' FAC, there are no specific allegations to admit or deny; however, Defendants deny that such relief is required, or merited, or that Plaintiffs are entitled to any of the relief requested, or that Plaintiffs were damaged in any sum, or at all.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

49. At all times, Plaintiff Sam Piro interfered with and obstructed peace officers from discharging their duties, and plaintiff knew, or in the exercise of reasonable care, should have known that he was being detained or arrested and failed to refrain from resisting such detention or arrest. That said, Defendants used only such force as was reasonably necessary under the circumstances to overcome Plaintiff's resistance and to prevent Plaintiff from interfering with them in the discharge of their duties.

## SECOND AFFIRMATIVE DEFENSE

50. Defendants are entitled to qualified immunity in that the law was not clearly established to have put them on notice that their actions would be considered unconstitutional.

## THIRD AFFIRMATIVE DEFENSE

51. Under the provisions of California Penal Code § 836.5(b), the arrest of Sam Piro herein was lawful, or the peace officers making such arrest had reasonable cause to believe such arrest was lawful, and Defendants are therefore immune from liability herein.

/ /

10

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**FOURTH AFFIRMATIVE DEFENSE**

52. To the extent Plaintiffs' FAC and causes of action for violations of civil rights are based upon a theory of respondeat superior against these defendants, these defendants are immune from liability. *Monell v. Dept. of Social Services* 436 U.S. 658 (1978).

**FIFTH AFFIRMATIVE DEFENSE**

53. At all times relevant to this litigation, these defendants were performing discretionary functions and these defendants' conduct did not violate any established statutory or constitutional rights of which a reasonable person would consider to be civil rights.

**SIXTH AFFIRMATIVE DEFENSE**

54. At no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated because the conduct of these defendants, at most, was a mere negligent act of an official causing unintended injury to life or property, and the Plaintiffs are therefore precluded from maintaining their causes of action for violations of their civil rights. *Daniels v. Williams* 474 U.S. 327 (1986).

**SEVENTH AFFIRMATIVE DEFENSE**

55. Defendants are immune from liability as to Plaintiffs' state causes of action, pursuant to Gov't. Code §820.2.

**EIGHTH AFFIRMATIVE DEFENSE**

56. At no time relevant to this litigation did either plaintiff sustain any violation of their civil rights pursuant to an unconstitutional official policy, practice, or custom, thereby precluding the plaintiffs from maintaining their causes of action for violations of their civil rights against the public entity defendants. *Monell v. Dept. of Social Services* 436 U.S. 658 (1978).

//
//

### NINTH AFFIRMATIVE DEFENSE

57. The FAC, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against these answering defendants.

### TENTH AFFIRMATIVE DEFENSE

58. Plaintiffs failed to mitigate their damages, if any, and are therefore barred from recovery herein, or, in the alternative, should have the damages reduced by that amount attributable to the failure to mitigate.

### ELEVENTH AFFIRMATIVE DEFENSE

59. Plaintiffs are not entitled to punitive damages, in that the defendants' conduct was not malicious, oppressive or performed in reckless disregard of the plaintiffs' rights.

### TWELFTH AFFIRMATIVE DEFENSE

60. Plaintiffs' FAC is poorly drafted and vaguely worded, and for that reason, defendants cannot anticipate fully all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, is, and to the extent such affirmative defenses are applicable, hereby reserved.

### THIRTEENTH AFFIRMATIVE DEFENSE

61. Any injury or damage to the plaintiffs was proximately caused by the negligence and intentional conduct of the plaintiffs themselves or others, in that plaintiffs or others failed to exercise ordinary care under the circumstances. Plaintiffs are, therefore, barred from recovery herein, or, if any liability is found on the part of defendants, then plaintiffs' recovery shall be reduced on the basis of plaintiffs' or others' contributory or comparative negligence.

//
//
//

12

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**FOURTEENTH AFFIRMATIVE DEFENSE**

62. Plaintiffs failed to comply with the claims presentation requirements of Government Code § 900 et seq., including particularly, §§ 901, 905, 910, 911.2, 911.4, 911.6, 911.8, 912.4, 945.4, 945.6, 946.6, 950.2 and Code of Civil Procedure §§ 313 and 342 in that the Complaint exceeds the scope of and/or is not fairly represented in plaintiffs' claim with respect, but not limited to, the defendants included in the FAC, and the type of damages/injuries sustained by the plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

63. Plaintiffs fail to meet the requirements of Civil Code § 52.1, as there is no showing that there was interference by either threats, intimidation, coercion or attempts to interfere by threats, intimidation or coercion with the exercise of any rights or enjoyment Plaintiffs may exercise under the Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

64. Any acts of an individual defendant in the execution or enforcement of any law is immune under Government Code § 820.4.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

65. To the extent that a public employee is immune from liability, such immunity also applies to the public entity under Government Code §§ 815 and 815.2.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

66. To the extent that the duties alleged in the FAC are claimed to have been breached, defendants contend that the discharge of any mandatory duty was done upon the exercise of reasonable diligence and is protected under the provisions of Government Code § 815.6.

**NINETEENTH AFFIRMATIVE DEFENSE**

67. At the time of the events referred to herein, plaintiffs consented to the conduct of defendants by reason of their voluntary participation therein and

13

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

knew the risks of injury and damage involved in their actions and conduct, and with full knowledge of such risks, and appreciating the dangers thereof, nevertheless, voluntarily assumed such risks and thus plaintiffs are barred from recovery herein.

### TWENTIETH AFFIRMATIVE DEFENSE

68.   These defendants are not liable for any punitive damages, in that defendants have never taken any action with a willful or conscious disregard of the plaintiffs' rights, have not engaged in any despicable conduct with respect to the plaintiffs, nor have defendants performed or omitted any act which would constitute intentional misrepresentation, deceit or concealment of a material fact with the intention of depriving the plaintiffs of property, legal rights or causing injury. California Civil Code § 3294.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

69. At the time of the events referred to herein, Defendants used only such force as reasonably appeared necessary under the totality of the circumstances to protect themselves from injury and damage from the Plaintiffs and/or to effect the arrest of Plaintiff Sam Piro and/or to overcome resistance of the plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

70. These answering defendants acted in good faith, and did not directly or indirectly perform any acts, whatsoever, which would constitute a violation of any state or federal rights of plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

71. At all times relevant to this litigation, these defendants acted in good faith and with probable cause and entertained an honest reasonable belief that their actions were reasonable and necessary, thereby, precluding the plaintiffs from maintaining any causes of action for violations of their civil rights. *Pierson v. Ray,* 386 U.S. 547 (1967).

14

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

72. Any arrest of plaintiff, Sam Piro, by the defendants herein was based upon probable cause.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

73. Plaintiffs' state causes of action are barred pursuant to Gov't Code § 810 et seq., including, but not limited, to §§ 820.2, 820.6, 920.8, and Defendants are, therefore, immune.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

74. At all times relevant to this litigation, the plaintiffs engaged in provocative acts, conduct and/or words, such that, the conduct of these defendants relating to the plaintiffs was reasonable, necessary and of a consequential nature.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

75. The plaintiffs are estopped by their own intentional conduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

76. The plaintiffs' claims are barred by the Doctrine of Unclean Hands.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

77. No act or omission of these defendants was a substantial factor in bringing about the occurrence alleged in the FAC, or any injury, loss or damage sustained by the plaintiffs, if any, and any alleged acts or omissions of these answering defendants was superseded by the acts or omissions of other persons, which acts or omissions were the independent, intervening and proximate cause of the occurrence alleged in the FAC.

**THIRTIETH AFFIRMATIVE DEFENSE**

78. Plaintiff was convicted of a crime for his intentional conduct as to his claim of unlawful seizure by Deputy Acosta, thereby barring his claim of unlawful seizure by Acosta.

//
//

**WHEREFORE**, these answering Defendants pray that:

1. Plaintiffs take nothing by reason of their First Amended Complaint;
2. For costs of suit herein incurred;
3. For defense costs, including reasonable attorney fees; and
4. For such other and further relief as the court may deem just and proper.

Dated: December 28, 2017  WAGNER & PELAYES, LLP

*/s/ Risa S. Christensen*  
RISA S. CHRISTENSEN, Esq.  
TRISTAN G. PELAYES, Esq.  
Attorneys for Defendants,  
COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA; and DEPUTY CRAIG

16

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Defendants COUNTY OF SAN BERNARDINO, DEPUTY ACOSTA and DEPUTY CRAIG, demand a trial by jury as to all the issues framed by the pleadings pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1.

Dated:  December 28, 2017        WAGNER & PELAYES, LLP

*/s/ Risa S. Christensen* _____
RISA S. CHRISTENSEN, Esq.
TRISTAN G. PELAYES, Esq.
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO;
DEPUTY ACOSTA; and DEPUTY CRAIG

ANSWER OF COUNTY OF SAN BERNARDINO; DEPUTY ACOSTA, AND DEPUTY CRAIG TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL